# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 09 2023
JEFFREY P. COLWELL
CLERK

Raymond E. Becker , Plaintiff

v.

City And County of Denver ,

Bruce Jones ,

Dani Warly ,

~~Juliana Temple~~ (PB)(strike) ,

Denver Police Officers 1-5 , Defendant(s).

☆ Abstention not appropriate ☆
(Phelps v. Hamilton)

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## VERIFIED PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Raymond E. Becker #618203   P.O. Box 1108, Denver, CO 80201
(Name, prisoner identification number, and complete mailing address)

Ray
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

X  Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
X  Other: *(Please explain)* In jeopardy of losing my parental rights in Arapahoe case 22JV75 (irreparable harm)

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: City and County of Denver
(Name, job title, and complete mailing address)

201 W. Colfax Ave. Denver, CO 80202

(Official Capacity Supervisory)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X Yes  ___ No *(check one)*. Briefly explain:

This municipality employs the police and hosts the court who have maliciously prosecuted me and obstructed justice.

Defendant 1 is being sued in his/her ___ individual and/or X official capacity.

2

Defendant 2: **Bruce Jones, District Judge for 2nd Judicial**
(Name, job title, and complete mailing address)
**Wolf Law Building, CU Boulder, Box 404**

(Declaratory relief only.)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (check one). Briefly explain:

**Yes, he is the judge presiding over my case in 23CR1813, who acted without jurisdiction and improperly advocated for the prosecution. Outrageous conduct, and fraudulently used federal funds.**

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: **Dani Warly, Deputy DA for the 2nd Judicial**
(Name, job title, and complete mailing address)
**201 W. Colfax Ave. Denver, CO 80202**

(Declaratory relief only.)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (check one). Briefly explain:

**She is the prosecutor in my case who has conspired with Temple, obstructed justice, and engaged in a malicious prosecution without probable cause. Outrageous conduct, and fraudulently used federal funds.**

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

NOTE: I am not requesting prospective relief, and I am requesting a stay under Rhines v. Weber pending lower disposition, only if necessary, however, we have a bad faith prosecution: Phelps v. Hamilton, 122 F.3d 885, 889 (10th 1997) (possible hybrid habeas)

## C. JURISDICTION

Indicate the federal legal basis for your claim(s): (check all that apply)

_X_ 42 U.S.C. § 1983 (state, county, and municipal defendants)

Elliott v. Brown (D. Colo. 2020); C.R.S § 16-4-204

___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (federal defendants)

Hewitt v. Rice, 154 P.3d 408 (Colo. 2007) (ex parte)

_X_ Other: (please identify) 42 U.S.C. § 1985 (conspiracy)
28 U.S.C. § 1988 (attorney fees)
28 U.S.C. § 1367 (pendent jurisdiction)
U.S. Const., Amends. V, XIV, VI, IV (malicious prosecution)
Colo. Const. § 20, 25 (excessive bail, due process)
Colo. Const. § 16 (victim's rights)
C.R.S. § 24-4.1-302.5 (victim's rights)
Beedle v. Wilson, 422 F.3d 1059, 1071 (10th Cir. 2005)
C.R.S. § 24-34-405 (discrimination)

Bond:
In Re: Humphrey, 19 Cal. App. 5th 1006, 1036-38 ((Cal. App. 2018),
U.S. v. Salerno, 481 U.S. 739, 751 (1987)
(However, outrageous government conduct requires dismissal)

B. DEFENDANTS' INFORMATION

~~STRIKE (RB)~~

~~Defendant 4: Juliana Temple, Address unknown (DA knows)~~
~~State Actor per Beedle v. Wilson (RB)~~
~~San Diego, California (760) 650-2650~~
~~At the times the claims in this complaint arose,~~
~~this person was acting under color of state law. (RB)~~
NO CONTEST
~~She has worked with the police and DA to~~
(they're victimizing her also).
~~institute a fictitious, vengeful prosecution against~~
(A puppet).
~~me, through the guidance and direction of Dani Warly.~~
~~She is being sued individually, and officially as a state actor.~~ (RB)

Defendants 5-9 Denver Police Officers 1-5
1330 Cherokee St., Denver CO 80202
(Unkown names and level of involvement)

(Individual and/or Official)

At the times the claims in this complaint arose, these officers were acting under color of state law. These officers conspired with Juliana Temple and Dani Warly to institute a malicious prosecution against me via obstruction of justice, uncharged crime by Temple, and a fictitious prosecution. These unknown defendants are being sued in their individual and official capacities - depending on their yet unknown level of culpability and personal participation.

NOTE: An investigative report is requested to marshal the facts for purposes of determining identities and levels of culpability, as well as to prevent spoliation of the record **immediately** (which is anticipated due to recent investigation into corruption and destruction of evidence within the DA's office). Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM FOURTEEN: Excessive Bail, Fines, Punishment; Bruce Jones; Dani Warly

CLAIM ONE: Denial of Due Process; Bruce Jones; Dani Warly;

CLAIM TWO: Outrageous government conduct; Bruce Jones; Dani Warly;

Supporting facts:

CLAIM THREE: Malicious prosecution; Bruce Jones; Dani Warly; DPO 1-5;

CLAIM FOUR: Violation of the Victim's Rights Act; Bruce Jones; Dani Warly;

CLAIM FIVE: Retaliation; Bruce Jones; Dani Warly; ~~Juliana Temple~~ RB

CLAIM SIX: Obstruction of Justice; Bruce Jones; Dani Warly; DPD 1-5;

CLAIM SEVEN: Conspiracy; Bruce Jones; Dani Warly; ~~Juliana Temple~~ RB; DPO 1-5;

CLAIM EIGHT: Intentional infliction of emotional distress; Warly, Jones, DPO 1-5;

CLAIM NINE: Failure to train and/or supervise; Denver, Colorado;

CLAIM TEN: Discrimination; Bruce Jones, Dani Warly; DPO 1-5;

CLAIM ELEVEN: Supervisory and/or vicarious liability - Denver, Colorado;

CLAIM THIRTEEN: Conspiracy to Deny Right to Familial Association;

~~CLAIM TWELVE: Libel; Juliana Temple~~ (RB) Warly, Jones;

CLAIM TWELVE: Abuse of Process; Dani Warly, Bruce Jones; DPO 1-5;

A. A stay is requested pending the outcome of Denver District Court case 23CR1813 and exhaustion of judicial remedies, pursuant to *Rhines v. Weber*, 543 U.S. 806 (2004), as this could well be construed as a hybrid action.

B. In abundance of caution, Denver Police Defendant Does 1-5 are named pending investigation and levels of culpability, although they all acted in concert with Temple and Warly.

D. Statement of Claims

1. Statements to police, eyewitness accounts, findings in discovery, and the alleged victim's confession in open court in front of the public gallery of at least ten people, and the remarks of the prosecutor and Court alone — give off the appearance of impropriety to the public, and demonstrate outrageous government conduct in excess of jurisdiction — in <u>front</u> of the public. On June 1st, 2023 in Denver District Court.

2. Written and recorded oral record alone establish this, without need for any testimony by any party; that's how egregious, malicious, and self-evident it is. All one needs to do, is listen to the recorded hearing, read the transcript, and view the discovery — to see that I committed no crime, had serious crimes committed against me, that the Court and the People are planning to put me in prison and have decided this — despite what they have heard and seen from the alleged victim in this case — before I've even been arraigned.

3. What makes this a total denial of due process and an obvious case of malicious prosecution and outrageous government conduct, besides the alleged victim's public admissions about her conduct and chronology of events alleged, is that (a). the People and the Court have well-documented records of bias toward persons with my background; (b). the way their conspiracy was unveiled before the general public and on the record the day of my bond reduction hearing; and (c). the way the Court looked directly at me after the People finished making their argument and very candidly stated "We <u>will</u> put you in prison" — before I have even had a chance to enter a plea of not guilty at an arraignment. It is written.

4. That is improper advocation for the People, conspiracy with the People to put me in prison before even hearing the case as an "impartial" factfinder, and outright intimidation to, upon information and belief, deter me from even going to trial — after hearing straight out of the alleged victim's mouth that she was an initial aggressor who has admitted in open court to assaulting and sexually assaulting me. Under these circumstances, there can be no hope for a fair trial,

1

D. Statement of Claims

when the Court and the People have already decided to put me in prison before I have even begun trial and after hearing the alleged victim herself; that she committed offenses against me, that I was just "trying to flee" from her, and that by her own words, I was so upset about her waking me up and touching me inappropriately that I was trying to flee, go crash the car, and kill myself (as alleged and reported by her and the neighbors).

5. In other words: the judge and prosecutor deciding I was going to prison before trial even started and after hearing the alleged victim saying she was the aggressor who tried to prevent me from fleeing and stating that was what I was trying to do, put aside the fact these words by these parties were all spoken in front of the general public--shocks the conscience and is without a doubt outrageous government conduct, under relevant authority.

6. It further gives off a strong inference of impropriety to the public - that Juliana Temple made her public confession of criminal conduct in a court of record in a gallery with at least 10 members of the public, and she has not been charged with crimes despite an irrefutable confession. The bail amount is excessive and unconstitutional. U.S. v. Aleena

7. This would set a very bad precedent for the people of the City and County of Denver: that women do not get charged with acts of domestic violence and unlawful sexual contact when they commit them against men who have criminal backgrounds; and that the public cannot be confident that Denver Courts will consistently and properly administer judgments or due process in their jurisdiction; or that pleas of not guilty are futile and trials by a jury of their peers does not even matter. This is outrageous. This is without jurisdiction. This is a perversion of justice: not equality, or justice. Worse - it's intentional.

8. As the record reflects (which is supported by direct evidence in discovery), manifest injustice amounting to conspiracy and outrageous government conduct, occurred on June 1st, 2023 at around 3pm in courtroom 5d: during my bond

2

D. STATEMENT OF CLAIMS

reduction hearing. Juliana Temple was present via WebEx from where she lives in San Diego, California, and she provided self-incriminating testimony while arguing against my release. She also provided exculpatory testimony which is corroborated by exculpatory evidence in discovery. Upon information and belief, the prosecution also has withheld exculpatory evidence which the People either knew or should have known were in Temple's SMS records (the People monitor my Securus messages and phone calls here at the jail, so they know her SMS messages reportedly contain evidence of collusion, blackmail, and other evidence which would corroborate my innocence, as if its not already obvious).

9. Also present were Dani Warly, the prosecutor; one of her colleagues; my attorney Libby Biva, two of her colleagues; an inmate named Wood, a Denver Sheriff's deputy, the Clerk, Judge Jones, and around 10 members of the public in the gallery.

10. After hearing arguments on both sides and testimony by Temple, the Court very slowly, and deliberately (thoughtfully) made his finding regarding bond: he converted it from 50,000 cash only to 50,000 cash/surety. My lawyer had requested 10,000 cash/surety (based on what I can afford), and what would have been consistent with the plea offer and bond schedule for a class 5 felony.

11. Upon information and belief, the bond schedule for my charged, class 4 felony, is 25,000. And the upward departure is excessive.

12. My lawyer argued during this hearing that there were admissions in discovery by the alleged victim of her engaging initially in unwanted sexual contact with me ("to reconcile") while I was sleeping without my consent (C.R.S. § 18-3-402(1)(b)), and punched me as I was allegedly trying to flee from her (C.R.S. § 18-3-204), among other mitigating factors: such as Temple residing in California; my treatment participation both before, and while in custody; and my motivation to continue to come to court in part from needing to participate in my parenting plan in my dependency and neglect case for my two-year old daughter O.B., so I don't lose my family.

13. After that, the alleged victim Juliana Temple provided her testimony in opposition to my release on bond. In her rebuttal, she corroborated what she stated to police in discovery: stating how she did touch my genitals while I was sleeping, that I woke up, told her no, that I "got really upset," tried to leave my

3

D. Statement of Claims

home to "go crash the car and kill himself," and that she tried to thwart my flight from her (when she reportedly began punching me as reflected in her statement to the Denver Police).

14. Temple then commenced with a recital of technical legal terms and buzzwords which, coming from a layperson with little education other than a college certificate, sounded rehearsed, or coached by someone with advanced knowledge of the law and elements of the offenses for which I was charged (like a DA or investigator).

15. As reflected in discovery and timeline for commencement of the prosecution, the alleged offense occurred on January 24th, 2023 after an alleged, failed suicide attempt on my behalf. I was not present at the scene when police were dispatched by the neighbors who called 911. She did not go to the hospital until 36 hours after the alleged incident. She did not speak to police until two weeks after that, and then not again until a month thereafter - after she moved to California. I was never contacted or arrested by Denver Police. A warrant issued on or around March 24th. I was arrested March 29th - more than two months after the alleged incident. It appears to be vindictive.

16. Also in discovery was: (a). how I allegedly said (after her unwanted advances before falling asleep), that my stomach was very upset from a drug overdose, that I just wanted to sleep, and be left alone; (b). the neighbors who called 911 reportedly witnessed me leaving my home that night with marks of assault on my face, neck, and arms, and Temple chasing after me with no marks on her at all; and (c). police noting (36 hours after the alleged incident) Temple saying she was afraid of being charged with domestic violence at the hospital (and she also said I had not been in touch with her since the alleged incident), so she came up with that anxiety on her own.

17. Despite the neighbors reporting marks on my neck, face, and arms, I was charged with felony strangulation for allegedly covering her mouth to stop her from screaming in the middle of the night (reportedly to stop police from coming and arresting her), after her trying to stop me from fleeing after her assault and sexual assault (reportedly by her, and by the neighbors).

18. She was never investigated nor charged for her assault or sexual assault, admitted by her and reported by the neighbors (no marks on her, plenty of marks on me).

4

D. Statement of Claims

19. Despite her reports of being initially engaged in criminal conduct (the aggressor), the neighbors (who called 911) reporting she was chasing me out of my own home by her (with marks all over me), and then her corroboration of hers and the neighbors' statements (in open court before the public), Warly still refused to charge Temple. This does not comport to the public interest and surely gives off the appearance of impropriety, and maliciousness.

20. Furthering the appearance of impropriety, and in total deprivation of my right to a fair trial in front of an impartial judge — were the words and conduct of DA Warly and Judge Jones after hearing Temple's incriminating, corroborative testimony. After Temple spoke, Warly still, in rebuttal to my release on bond, stated my plea offer to a class 5 felony did not include any out of custody options, reinforcing what my lawyer told me in prior discussions, that Warly just wants to put me away, even still after bond hearing.

21. Next, in his slow, thoughtful, and contemplative delivery of his findings and order, the Court — Judge Bruce Jones, the CU Law School Professor — stated how he could not wrap his head around why the county court would levy a $50,000 cash only bond, because in his view, it was effectively a no bond hold. Then he agreed with the People, stating my lawyer's argument (for a $10,000 cash/surety bond was fair because it was the bond schedule for the class of felony in the plea offer and how I was motivated to return to court so I could stay out and comply with the parenting plan in my dependency and neglect case) - failed, because my record was troubling and that the People were not offering probation as part of the plea. Excessive.

22. So, Judge Jones modified the bond to $50,000 cash/surety instead, after citing the plea offer by the People. looked directly at me, and plainly stated: "We WILL put you in prison." (Emphasis his). Excessive.

23. On that date, June 1st, 2023, I had not even been arraigned. That was the bond hearing, I have not even had a chance to plead guilty or not guilty, and Judge Jones has decided the case already and decided to put me in prison — in concert and conspiracy with Dani Warly and Juliana Temple, without even hearing anything I supposedly did in Temple's testimony that day, without hearing the case, only hearing from Temple about what Temple did, what she thinks of me, and what Warly stated about my background. So, he conspires with these parties to put me in prison, outside of his judicial office — because of my background and in ignorance of her confession.

5

D. STATEMENT OF CLAIMS

24. And the only thing in discovery regarding any crime committed by any party which could be construed as "proof evident, presumption great," are self-reported crimes of Juliana Temple which she corroborated by her own June 1st testimony; but there is nothing in discovery, even by preponderance of the evidence, that would suggest I committed a crime while I reportedly was trying to flee from Temple, and Temple made no mention of any supposed crime I committed against her in my flight from her offense and intrusion — she only mentioned things she did, in corroboration of her statements to police, and corroborative to what the neighbors saw. I've only really spoken to my lawyer. The bond is excessive and the charges are unwieldy.

25. So, in other words, the only hard evidence before the Court or in the DA's playbook — is evidence of crimes Temple allegedly committed against me (which I did not allege), and the Judge wants to put me in prison for her conduct. All anyone needs to do to verify this, is compare her June 1st testimony with the discovery. There is little chance that justice will be served in this case, when Judge Jones has already decided with these actors to put me in prison before we've even had a single evidentiary hearing and have not had an arraignment. Outrage.

26. Judge Jones decided to put me in prison with two things before him: my criminal background and her self-incrimination. All Dani Warly has: a discovery which tends to negate my guilt and incriminates Juliana Temple, and a maliciously zealous ideal. Bad faith prosecution, harming both Temple and myself.

27. What Judge Jones and Dani Warly both have in common (other than a plan to put me in prison) is a bias against domestic violence, or rather, male domestic violence offenders with certain backgrounds (evidently by their pardon of Temple's admitted acts of domestic violence). This is discrimination, and retaliation for my background (something I'm used to by government actors; big reason why I allegedly tried killing myself that night, witnesses would say I have been considering suicide after being profiled (for my background) in effort to take my second daughter away (like DHS did with my first daughter)).

28. What we have here, is a textbook example of malicious prosecution and outrageous government conduct by these state actors, in conspiracy with a "victim" whom Jones

6

## D. Statement of Claims

and Warly intend to use in effort to secure a wrongful conviction for a fictitious offense, thereby obstructing justice by refusing to charge her criminal conduct and doing anything to secure their promise of prison for me — including intentionally inflicting emotional distress upon Temple following all of the humiliation, embarassment, and shame she inevitably will face publicly when the truth is revealed at trial (through the rules of evidence) which will reveal the cover-up, motive, bias, collusion, blackmail, and her own criminal conduct, at trial. And again, <u>all</u> we need to do to establish this (before manifest injustice continues to compound): is look at the record and evidence. A trial will not be fair, reasonable, or materially assist anyone other than Bruce Jones and Dani Warly. I would like to make sure Temple and I do not become victim to their outrageous conduct.

29. I'm not even sure convicting Temple as a sex offender would effectively administer justice or make me whole again, after the egregious conduct of these state actors who swear to uphold our constitutions in promotion of equality and justice, when it is clear that is not even their motive here and would do anything to obtain a conviction without a trial, or during trial at the detriment of Juliana Temple's mental health — the "victim" who the People and court purport to "protect." She's a puppet.

30. What this is, is a malicious prosecution. A discriminatory and biased prosecution; the DA and Court both are acting arbitrarily, cappriciously, and neither are objective. Dani Warly has refused to charge Temple with assault and sexual assault and, in light of admissions to police, eyewitness statements, and the admitted chronology, it is clearly erroneous to view me as an aggressor and that I was not allegedly trying to flee from my home like Temple testified and reported. The record reflects I was fleeing from <u>her</u> after conduct of <u>hers</u>, according to <u>her</u> reports and testimony. All the prosecutor has to go off of, is my background, and her own bias and motive. Bad faith prosecution.

31. This outrageous conduct is also a clear abuse of discretion and improper advocacy by the Court, also done in motivation and bias against me, made evident by its own pointed gaze at me and choice of language "we WILL put you in prison" before I have even been arraigned. His true message; "don't even bother." Baseless intimidation. Threats, duress, coercion.

7

D. Statement of Claims

32. A judge, someone who is promoted to the judicial office for having supreme knowledge of the law, is supposed to be meticulous, even impeccable with his words. He was very contemplative when he made that statement, as the record will reveal. See Colo. Code Jud. Cond. 2.3(B), Canon 2. There were deep breaths and long pauses.

33. A judge is also charged with the duty to promote public confidence. Colo. Code Jud. Cond. 1.2, Canon 1. His conduct was done to intimidate me, and it undermined the public confidence.

34. The Court's specific, contemplated language: "we WILL put you in prison," stated in turn and in response after the DA was done speaking, made evident that "We" means him and the prosecutor, (and Temple). In any context, however he meant it, by the plain language of statute, the court ("it") does not incorporate any party other than an impartial judge who has jurisdiction and authority to pronounce judgment over a defendant - at the proper time.

35. The court is neither the defense, nor the prosecution. Judge Jones accordingly acted in excess of his jurisdiction, and in fact had no jurisdiction to act with, or as the prosecution, or advocate on the People's behalf the way he did. Such conduct is without jurisdiction and is outrageous conduct in violation of my due process rights, and reveals his motive and bias. Malice.

36. Motive, bias, and improper advocacy is grounds for recusal, but Jones did not do that. C.R.S. §16-6-201; Colo. Crim. P. 21. If Judge Jones cannot follow his own statutory instruction after his deliberate, contemplative gaze and choice of words, there is little confidence that he will follow the court rules or rules of criminal procedure. He's already backwards about it, after all. He's already decided the outcome, before a plea has been entered. He is disqualified, yet he still presides over the case. He's on a mission. He is influenced by bias or prejudice. People ex rel. Burke v. District Court, 60 Colo. 1 (1915). This is bullying, and retaliation for my background.

37. And structural error has occurred. "A trial error so serious that the conviction must be set aside in collateral review." Bouvier Law Dictionary (2012). We cannot even have a trial now because we now know two things: (a). Jones has already decided to put me in prison; and (b). Any conviction (if there were one) would be set aside. This inquest is just wasting the state's time and money, because these people have a thing against people with my background.

8

D. Statement of Claims

38. The law in this respect is clearly established. C.R.S. §18-1-402. But here, I've been presumed guilty. Judge Jones and Dani Warly have breached the foundation of the criminal justice system with this outrageous conduct. *People v. Kanan*, 526 P.2d 1389 (Colo. 1974). And their malicious presumption of guilt raised by the implications of my prior criminality is prejudicial error. *People v. Bugarin*, 502 P.2d 875 (1973). This is not old, antiquated law, the Appellate court just ruled that "it is structural error for a statutorily disqualified judge to preside over a case." *People v. Garcia*, 2022 COA 83, ¶6. Moreover, Jones is presumed to be biased. C.R.S. §§16-6-201, 16-10-103. Judge Jones has violated my Sixth Amendment "right to an impartial adjudicator, be it judge or jury." *Gray v. Mississippi*, 481 U.S. 648, 668 (1987). Since he sat on the bench, he was disqualified, he knew it, yet he presided anyway.

39. The cumulative errors and outrageous conduct by the Denver District Court and DA for the City and County of Denver, justifies a mistrial and absolute bar to a subsequent prosecution for the prosecutorial misconduct, complete absence of discretion and decorum by the Court, and their combined malicious prosecution. Yes, this can happen before arraignment. A trial court has broad discretion to declare a mistrial at any point during a trial when it appears that, because of the irregularities in the proceeding, *either party will not receive a fair trial*." *Maes v. District Court*, 503 P.2d 621 (Colo. 1972); *Brown v. People*, 291 P.2d 680 (Colo. 1955)(emphasis added). Evidently neither Temple nor myself will receive a fair trial in this Judicial District. However, there is an absolute bar to retrial under Double Jeopardy principles, because technically, Judge Jones threw the case before I was even arraigned to plead and stand trial - nobody has even agreed to go to trial, so what this really is - would be an absolute bar to trial, since the outrageous conduct and outright pretrial denial of due process constitutes structural error, manifest injustice, and requires automatic reversal of the proceedings as they stand. Given the cumulative error already occurring and the obvious maliciousness here, a trial cannot go forward and reversal occurs pre-arraignment. There can be no mistrial, because their can be no trial here, not a fair one for either party anyhow. And where the first trial is terminated, before the case is decided by the jury, double jeopardy bars a retrial unless the trial court has sufficient legal justification to declare a mistrial. *People v. Segovia*, 196 P.3d 1126, 1133 (Colo. 2008). Here, no such legal justification exists. For any of it at all.

9

Raymond Becker - 6018203
Denver Sheriff Department
P.O. Box 1108
Denver, CO 80201

1 of 3
**Legal Mail**
Becker v. Denver

United States District Court
901 19th St. Rm A105
Denver, CO 80294-3589

ZIP 80204
02 4W
000034575735  $001.08
US POSTAGE FROM PITNEY BOWES
JUN 07 2023